**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BILLY RAY SELF**                                                                                   **CIVIL ACTION**

**VERSUS**                                                                                                **NO. 07-9469**

**SGT. WALTER MILLER, ET AL.**                                                          **SECTION: "C"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Billy Ray Self, a state prisoner, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Sgt. Walter Miller, Sgt. Darrell Miley, Capt. Darrell Dykes, and the Louisiana Department of Public Safety and Corrections.  Plaintiff claims that he was accidentally injured while being transported by van from the Rayburn Correctional Center to an outside medical appointment.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's claims should be dismissed as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be

In this lawsuit, plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant. The claim against that defendant is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted). The Louisiana Department of Public Safety and Corrections is a state agency. La.Rev.Stat.Ann. § 36:401. Therefore, the claim against that defendant is clearly barred by the Eleventh Amendment and should be dismissed without prejudice. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999).

As to the remaining defendants, Sgt. Walter Miller, Sgt. Darrell Miley, and Capt. Darrell Dykes, plaintiff does not specify whether he is suing those officers in their official or individual capacities. Nevertheless, in either event, the claims against the officers must be dismissed.

The officers are state employees who work at the Rayburn Correctional Center, a state prison. A suit against a state employee in his official capacity is actually a suit against the state

---

cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). Therefore, any official-capacity claims against the officers are also barred by the Eleventh Amendment. See, e.g., George v. Travis, Civil Action No. 07-986, 2007 WL 1428744, at *2-3 (E.D. La. May 10, 2007). Accordingly, this Court has no jurisdiction over the official-capacity claims, and those claims should be dismissed without prejudice. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

To the extent that plaintiff is suing the officers in their individual capacities, those claims should be dismissed with prejudice as frivolous and for otherwise failing to state a claim on which relief may be granted. In this lawsuit, plaintiff claims that, on November 6, 2006, he was being transported by van from the Rayburn Correctional Center to the Lallie Kemp Regional Medical Center for a medical appointment. Plaintiff alleges that he was injured in a fall after the seat in which he was sitting came loose due to improper installation. It is evident that plaintiff's claims are, at best, ones for negligence. However, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)). Negligence claims for accidental injuries, such as the ones plaintiff asserts in the instant action, simply are not cognizable under 42 U.S.C. § 1983. See, e.g., Fitch v. Terrebonne Parish Sheriff Department, Civil Action No. 06-3307, 2006 WL 2690077, at *2-3 (E.D. La. Sept. 18, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against the Louisiana Department of Public Safety and Corrections be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's official-capacity claims against Sgt. Walter Miller, Sgt. Darrell Miley, and Capt. Darrell Dykes be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Sgt. Walter Miller, Sgt. Darrell Miley, and Capt. Darrell Dykes be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of December, 2007.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**